256

The People of the State of Illinois, Plaintiff-Appellee, *v.* Nathaniel Brown, Defendant-Appellant.

(No. 70-206;

Second District—May 17, 1971.

Robert P. Will, Jr., Public Defender, of Zion, for appellant.

Jack Hoogasian, State's Attorney, of Waukegan, (Edward Dolinar, Assistant State's Attorney, of counsel,) for the People.

Mr. PRESIDING JUSTICE THOMAS J. MORAN delivered the opinion of the court:

Defendant appeals a one to three year sentence imposed upon his plea of guilty to a charge of burglary. He contends that the court erred in suggesting defendant take a lie detector test.

At the combined hearing for probation and matters in aggravation and mitigation, the court heard testimony from defendant, defendant's sister and a police officer. The judge stated he did not believe defendant's testimony concerning the amount of alcohol he had consumed prior to the crime.

The court added:

"In view of his age, however, the Court is going to suggest that perhaps he might assist the Court and aid his case if he would submit to a lie detector test, and I am going to recess this matter for a few minutes so that you may discuss that with him.

I wish to make it clear he does not have to take a lie detector test, and I'm not going to hold it against him if he doesn't. I'm simply suggesting it might be of some help to him because I've already indicated on the evidence I've heard today I have strong doubts as to the truthfulness of his testimony on this witness stand.

However, Mr. Will, and to the defendant himself, he should be made aware that if he voluntarily takes this lie detector test I will consider

the results of it, whether they be in favor or against him, and, secondly, that it—

He has also testified that he has made a full disclosure of all previous criminal matters that he has been guilty of. If the lie detector indicates or information is gained therefrom that he has been involved in other criminal violations, he will not be granted any immunity but any of that information so gained will be or can be turned over to the proper law enforcement officers, so I'm going to recess this matter for five minutes and let you discuss it with him."

Defense counsel then inquired if the court would also consider the same test for the State's witness and the court responded, "absolutely not."

After a fifteen minute recess, defense counsel informed the court that he very strongly advised the defendant not to take the lie detector test and that the defendant intended to follow this advice.

The case was continued for four days at which time probation was denied and sentence imposed.

We find no substantial differences between the factual situation and issues presented in this case and those arising in *People v. Ackerman et al.* (1971), 132 Ill.App.2d 251, filed this date. Accordingly, we adopt that opinion as our opinion herein without further discussion.

The sentence is hereby vacated and the cause remanded, on the plea and judgment of guilty, for sentencing procedures consistent with those expressed in *People v. Ackerman, supra* at 251.

Sentence vacated; cause remanded with directions.

SEIDENFELD and GUILD, JJ., concur.